UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                               CRIMINAL ACTION

VERSUS

YOUNG OKORO ANYANWU (#74291-279)                       NO. 10-0101-JJB-EWD-1

ORDER
===

Pursuant to Order dated December 11, 2014 (R. Doc. 333), the Court advised Petitioner Young Okoro Anyanwu that after reviewing his memorandum in support of his habeas corpus proceeding brought pursuant to 28 U.S.C. § 2255, the Court had determined that the memorandum improperly incorporated grounds for relief and arguments made by another defendant in this case. The Court advised Petitioner that "only grounds for relief, factual allegations and arguments actually made by him in his own pleadings" would be considered by the Court. *Id.* Accordingly, the Court granted Petitioner fourteen (14) days within which to supplement his § 2255 motion and memorandum and advised him that "the United States will not be required to file a response to the petitioner' [sic] motion until the amended motion is filed or the time to do so has expired." *Id.* Petitioner thereafter failed to comply with the Court's Order and failed to submit a supplement to his original motion or a supporting memorandum. In addition, the Court has determined, from a visit to the Bureau of Prisons website (www.bop.gov) that Petitioner was in fact released from confinement in October, 2015, yet has not advised the Court of a change in his record address.

Based on the foregoing, on April 25, 2016, the Court entered an Order in this proceeding (R. Doc. 348) directing Petitioner, within twenty-one (21) days, to advise the Court, in writing,

whether he wished to continue to proceed with this litigation. Recognizing that it was unlikely that Petitioner would receive a copy of the Court's Order, the Order specifically provided that "a failure to respond to this Order within the time allowed shall be interpreted by the Court as signification that Petitioner does not wish to further proceed with this matter and/or as an indication that he no longer resides at the place provided as his record address and that he has failed to comply with the Court's rules by providing timely notice of his new address." *Id.*

A review of the record now reflects that Petitioner has again failed to respond to the Court's Order. He has failed, therefore, to comply with the Orders of this Court without providing any justification or explanation for his failure to do so. It further appears that Petitioner has likely lost interest in proceeding with this matter since his release from the institution that he provided as his record address.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a sanction is called for under these circumstances because Petitioner has failed, without justification, to comply with the Orders of the Court, and this failure has critically impeded the Court's ability to proceed in this case. As a practical matter, the case cannot proceed if Petitioner cannot be located or contacted at his record address. Further, the imposition of a sanction less severe than dismissal is not feasible and would likely be futile. Were the Court to impose a less severe sanction, there would be no means by which to give Petitioner notice of that sanction. A sanction that is unknown to the sanctioned party and, for that reason, cannot be enforced is no sanction at all. Therefore, the imposition of a sanction short of dismissal, without prejudice, would be ineffective under the circumstances of this case. The Respondent is also entitled to a final resolution of the claims brought herein. Petitioner's failure to appear or respond to the Court's Order deprives the Respondent of an opportunity to address Petitioner's claims. The best interests of justice do not require that the

Respondent remain subject to Petitioner's allegations until Petitioner decides to proceed as required in his case. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 (R. Doc. 331) shall be dismissed as a result of Petitioner's failure to prosecute his claims and failure to comply with the Orders of this Court. Therefore,

**IT IS ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 (R. Doc. 331) be dismissed, without prejudice, as a result of Petitioner's failure to prosecute his claims and failure to comply with the Orders of this Court. Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 6th day of February, 2017.

**JAMES J. BRADY**
**UNITED STATES DISTRICT JUDGE**